[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16093

_____

D. C. Docket No. 08-14012-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY WILLIAM WEST,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 24, 2009)

Before BARKETT and HULL, Circuit Judges, and QUIST,[*] District Judge.

PER CURIAM:

_____

[*] Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

Gary William West appeals his 180-month sentence of imprisonment and life term and conditions of supervised release, imposed following the entry of his guilty plea for transportation of child pornography in violation of 18 U.S.C. § 2252(a)(1).

West first argues that the district court erred in sentencing him based on the enhanced fifteen year statutory mandatory minimum applicable to those defendants who are convicted under § 2252(a)(1) and also have a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252(b)(1). Specifically, he argues that, applying a categorical approach, his prior conviction under Ohio Rev. Code Ann. § 2907.07(D)(2)[1] did not involve an actual minor nor entail sexual conduct and thus, cannot serve as a predicate offense for a sentencing enhancement under § 2252(b)(1).

It is not disputed and our independent review of the record in this case

---

[1] The Ohio statue specifically provides:

No person shall solicit another by means of a telecommunications device, . . . , to engage in sexual activity with the offender when the offender is eighteen years of age or older and . . . (2) [t]he other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age.

confirms that West did not raise any objection in the district court to the application of the fifteen year statutory mandatory minimum provided for by § 2252(b)(1). Accordingly, we must apply the plain error standard to our review of West's sentencing argument, which he raises for the first time in this appeal. Under the plain error standard, West must prove that "(1) there is an error; (2) that is plain or obvious; (3) affecting [his] substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." United States v. Raad, 406 F.3d 1322, 1323 (11th Cir. 2005) (quotations and citations omitted). An error is plain only if it is "clear under current law." United States v. Humphrey, 164 F.3d 585, 588 (11th Cir. 1999) (citation omitted).

Given the lack of precedent addressing whether a conviction under Ohio statute § 2907.07(D)(2) can be used to enhance a sentence under § 2252(b)(1) and upon review of § 2252(b)(1) and the Ohio statute, we cannot state that the district court plainly erred in determining that West's Ohio conviction could serve to enhance his mandatory minimum sentence under § 2252(b)(1).

West also argues that the district court's imposition of a lifetime term of supervised release, a lifetime prohibition on his use of a computer other than for employment purposes, and a lifetime submission to law enforcement searches

3

based on reasonable suspicion is unreasonable and unconstitutional. Again, it is undisputed and our review of the record confirms that West did not raise any objections in the district court to any of these conditions. Having considered the statutes and guidelines applicable to these discretionary conditions of supervised release, we conclude that the district court did not plainly err in imposing these conditions.

Lastly, West requests that we vacate his sentence and remand his case to the district court for clarification of the third condition of supervised release, which prohibited his unsupervised contact with minors. He asserts that the condition, as stated in the judgment, is ambiguous as the caption states "No Unsupervised Contact," but the condition itself states that he can have <u>no</u> contact with minors. Because it appears from the record that the court intended the language in the judgment to be consistent with the language in Paragraph 86 of the Presentence Investigation Report ("PSI"), and the failure of the judgment to include the same language was a mere oversight, we remand this case solely to revise the judgment so that the text of the "No Unsupervised Contact with Minors" condition can be corrected so as to be consistent with Paragraph 86 of the PSI.

**AFFIRMED in part, and VACATED and REMANDED in part.**