CLAY, Circuit Judge,
concurring in the judgment.
I concur in the judgment but write separately to express my concern with this Court’s analysis of the underlying issue in this case. The conclusion reached in the majority opinion — that “involving a minor or ward” modifies only the last of the three forms of conduct listed in 18 U.S.C. § 2252(b)(2) — is not foretold by logic or supported by any empirical basis. Instead, the arguments asserted as support for the majority’s interpretation of the statutory language are speculative and conclusory, based in large part on our sister circuits’ analysis of the issue and the majority’s own unsupported conjecture as to Congress’ intent. Resolution of the underlying issue in this case is therefore not as clear or persuasive as the majority would have us believe.
To begin, the majority opinion places great weight in the last antecedent rule as a method for resolving this dispute. However, the majority fails to grapple with a contrary rule of statutory construction, one which was considered by the Second Circuit in United States v. Lockhart, 749 F.3d 148 (2d Cir.2014). In Lockhart, the Court acknowledged the possible application of two competing rules of statutory construction- — -the last antecedent rule and the series qualifier canon[1]. 749 F.3d at 152. Ultimately, the Lockhart Court was “not fully persuaded that either canon ap-,plie[d] unambiguously based on the language and structure of th[e] statutory phrase alone.” Id. While I do not express a definitive point of view as to which of the two canons is more persuasive, I believe the majority should have followed the lead of the Second Circuit by considering both canons, and should have conceded that an interpretation under either would be virtually equally plausible. Instead, the majority opinion is written to imply that the rule of the last antecedent is the only rule of statutory construction that might apply in these circumstances.
Next, this Court dismisses the district court’s primary conclusion in two sentences. In its opinion, the district court ignored the rule of the last antecedent, finding that the title of 18 U.S.C. § 2252 (“Certain activities relating to material in *634 volving the sexual exploitation of minors”) and the title of Chapter 110, under which the statute is found (“Sexual Exploitation and Other Abuse of Children”), provide “significant indicia” that the phrase “involving a minor or ward” modifies all three forms of conduct. (R. 36, D. Ct. Op. at 6.) Each of these titles concerns activity involving children and seems to imply that the activity following those titles would also involve children. However, without any reasoned analysis of this argument, the majority simply states that “[t]he section and chapter titles indicate the nature of the conduct proscribed by the statute, but it does not follow that they provide convincing evidence that all factors contributing to the sentencing-enhancement decision will relate to the same subject matter.” Maj. Op. at 631. Why not? I do not know whether the chapter titles provide significant indicia regarding the proper interpretation of the statutory language, but it also appears that the majority of this. Court cannot definitively answer that question. And because this Court reverses the district court on this ground, among others, one would expect an explanation for rejecting the district court’s analysis, not just a blanket, conclusory statement.
Reflecting the opinions of a number of our sister circuits, the majority goes on to find that “were we to override the rule of the last antecedent in the instant case, we would run the danger of rendering some of the statutory language superfluous.” Maj. Op. at 631. Quoting the Second Circuit’s analysis in Lockhart, the majority explains that if “involving a minor or ward” were to modify each of the categories of conduct listed in § 2252(b)(2), “abusive sexual conduct involving a minor or ward” would likely encompass “sexual abuse involving a minor or ward,” rendering the latter category superfluous. However, it is not clear from the statutory language or the opinion of this Court which conduct Congress intended to fit within each of these categories. This very issue was extensively debated during oral argument before the en banc Court. In fact, it is difficult to say that any particular category would be rendered superfluous if “involving a minor or ward” were to modify all three categories of conduct. This would be the case regardless of whether similar or parallel phrases were used or repeated for emphasis, or for the purpose of showing inclusiveness, or simply as a result of awkwardness in statutory construction.
Next, the majority finds that Congress must have intended the qualifying conduct under state law to include acts against adults and children because the federal predicate offenses listed in § 2252(b)(2) include conduct against both adults and children. The majority states that “we may reasonably assume” Congress intended the federal and state predicate offenses to mirror each other. Maj. Op. at 631-32. However, the opinion fails to consider some of the legislative history of this provision, which, even if not definitive, provides some indication of Congress’ intent in this matter. Congress’ overarching concern in enacting and amending the Child Pornography Prevention Act was to protect child victims from the “vicious cycle of child sexual abuse and exploitation,” in which “[cjhild pornography plays a critical role.” S.Rep. No. 104-358, 104th Cong., 1996 WL 506545, at *12 (1996). Most importantly, the legislative history demonstrates Congress’ intent regarding the enhancement set forth in § 2252:
Section 2252A mirrors with respect to “child pornography” ... the prohibitions ... contained in 18 U.S.C. 2252. The penalties in sections 2252 and 2252A would be identical. Violation of paragraphs (1), (2), or (3) of section 2252A(a) pertaining to the distribution, reproduc *635 tion, receipt, sale or transportation of child pornography would be fined or imprisoned for not less than 15 years, or both; a repeat offender with a prior conviction under chapter 109A or 110 of title 18, or under any State child abuse law or law relating to the production, receipt or distribution of child pornography would be fined and imprisoned for not less than 5 years nor more than 30 years.
Id. at *9 (emphasis added).[2] Even if Congress’ intent regarding application of this enhancement is less than clear, this language from the legislative history is relevant for determining that intent. The Senate report clearly indicates that the enhancement applies to repeat offenders whose prior convictions fall “under any State child abuse law” and does not mention state law crimes against adults. It would seem that the majority should have considered this language before speculating as to Congress’ intent.
The majority opinion also emphasizes a parallel between three of the federal crimes identified as predicate offenses under Chapter 109A (“aggravated sexual abuse” at § 2241, “sexual abuse” at § 2242, and “sexual abuse of a minor or ward” at § 2243) and the three categories of conduct that qualify as state predicate offenses (“aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward”). The majority asserts that this parallel provides definitive support for its conclusion that “involving a minor or ward” modifies only “abusive sexual conduct,” the last category of conduct.
This argument is troubling in two respects. The majority has clearly chosen only those arguments that help reach its conclusion and ignored others that are contrary to, or complicate, that conclusion. In a footnote, the majority cautions the reader that
[although we note the parallel structure between the three categories of state predicate offenses and the parallel federal crimes in §§ 2241-43, this should not be construed as implying that the state predicate offenses are to be defined with reference to these sections. The parallel structure is here significant only in that it informs our analysis of what “involving a minor” modifies.
Maj. Op. at 632 n. 1. There is no reason provided to explain why this parallel structure only provides assistance with our analysis of this particular issue, yet does not provide definitions for the state predicate offenses.
Additionally, the language and structure of Chapter 109A do not parallel § 2252(b)(2) as closely as the majority would have us believe. The majority ignores the fact that Chapter 109A includes four sexual abuse crimes, while § 2252(b)(2) only lists three categories of conduct qualifying for the enhancement. Furthermore, the sexual abuse crimes listed in Chapter 109A are phrased differently from the three categories of conduct included in § 2252(b)(2). As a result, this purported parallel would appear to carry very little weight for purposes of resolving the underlying issue in this case.
Finally, the majority seems to take great solace in the fact that “[o]ur con *636 struction of the statutory language aligns with that of each of our sister circuits which have carefully considered the issue.” Maj. Op. at 632. However, while this Court may be guided by the opinions of other circuits, we review our cases independent of their holdings and analyses. We should not rely on other courts’ opinions when they are similarly speculative and supported by much of the same weak analysis as provided by this Court’s majority opinion.
For the foregoing reasons, I concur only in the judgment.

. The ''series-qualifier” canon of statutory construction “provides that a modifier at the beginning or end of a series of terms modifies all the terms [in that series].” United States v. Laraneta, 700 F.3d 983, 989 (7th Cir.2012).

. Although this section of the report specifically deals with 18 U.S.C. § 2252A, it also indicates that the penalties in §§ 2252 and 2252A would be identical. See id.; Lockhart, 749 F.3d at 156 (internal quotation marks omitted) (''[T]he penalties under §§ 2252 and 2252A would provide for a mandatory minimum sentence for a repeat offender with a prior conviction under chapter 109A or 110 of title 18, or under any State child abuse law or law relating to the production, receipt or distribution of child pornography.”).