RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 14a0205p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

*v.*

No. 12-4481

CHRISTOPHER J. MATEEN,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Ohio at Columbus
No. 2:12-cr-00041-1—Edmund A. Sargus, Jr., District Judge.

Argued: June 18, 2014

Decided and Filed: August 26, 2014

Before: COLE, Chief Judge; BOGGS, BATCHELDER, MOORE, CLAY, GIBBONS, ROGERS, SUTTON, COOK, McKEAGUE, GRIFFIN, KETHLEDGE, WHITE, STRANCH, and DONALD, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:** Benjamin C. Glassman, UNITED STATES ATTORNEY'S OFFICE, Cincinnati, Ohio, for Appellant. Kevin M. Schad, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Cincinnati, Ohio, for Appellee. **ON BRIEF:** Benjamin C. Glassman, UNITED STATES ATTORNEY'S OFFICE, Cincinnati, Ohio, for Appellant. Kevin M. Schad, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Cincinnati, Ohio, for Appellee.

The court delivered a PER CURIAM opinion, in which COLE, C.J., and BOGGS, BATCHELDER, MOORE, GIBBONS, ROGERS, SUTTON, COOK, McKEAGUE, GRIFFIN, KETHLEDGE, WHITE, STRANCH, and DONALD, JJ., joined, and CLAY, J. joined in the result. CLAY, J. (pp. 9–12), delivered a separate opinion concurring in the judgment.

1

_____

**OPINION**

_____

PER CURIAM.  The federal statutes prohibiting the sale, distribution, and possession of child pornography include sentencing-enhancement provisions that apply to recidivist offenders who have also been convicted of certain predicate state and federal offenses.  Christopher Mateen pleaded guilty to possessing "visual depiction[s] involv[ing] the use of a minor engaging in sexually explicit conduct," in violation of 18 U.S.C. § 2252(a)(4)(B).  He had previously been convicted of Gross Sexual Imposition, in violation of Ohio Revised Code § 2907.05.  The district judge determined that the statutory sentencing enhancement was not triggered by Mateen's prior state conviction, and sentenced him to the statutory maximum ten-year term of imprisonment.

At issue in this appeal is the proper construction of the sentencing-enhancement provision, which provides that an individual with a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward" will be subject to the enhancement.  18 U.S.C. § 2252(b)(2).  We must decide whether the phrase "involving a minor or ward" modifies only its direct antecedent, "abusive sexual conduct," or whether it modifies all three listed categories of conduct:  "aggravated sexual abuse," "sexual abuse," and "abusive sexual conduct."  We conclude that the limiting phrase modifies only "abusive sexual conduct" and, accordingly, only state crimes relating to abusive sexual conduct need involve a minor or ward in order to trigger enhancement under § 2252(b)(2).  Accordingly, we **VACATE** the judgment and **REMAND** to the district court for resentencing and reconsideration of whether Mateen's Gross Sexual Imposition conviction triggers the statutory sentencing enhancement, as properly construed.

**I.  BACKGROUND**

In 2012, an officer with a Franklin County task force targeting internet crimes against children detected an IP address that hosted and shared several images and movies of minors engaging in sexual acts.  The officer traced the IP address to the residence of Christopher Mateen.  Investigators executed a search warrant at the residence and recovered a computer,

which held over 300 images and movies of child pornography.  R. 43 (Plea Hr'g Tr. at 20–21) (Page ID #195–96).  Mateen pleaded guilty to knowing possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  R. 18 (Guilty Plea at 1) (Page ID #31).

Mateen's 2012 conviction was not his first conviction involving sexual misconduct. Several years earlier, he pleaded guilty to Gross Sexual Imposition in violation of Ohio Revised Code § 2907.05, which provides:

> (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
>
> > (1) The offender purposely compels the other person, or one of the other persons, to submit by force or threat of force.
> > (2) For the purpose of preventing resistance, the offender substantially impairs the judgment or control of the other person or of one of the other persons by administering any drug, intoxicant, or controlled substance to the other person surreptitiously or by force, threat of force, or deception.
> > (3) The offender knows that the judgment or control of the other person or of one of the other persons is substantially impaired as a result of the influence of any drug or intoxicant administered to the other person with the other person's consent for the purpose of any kind of medical or dental examination, treatment, or surgery.
> > (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.
> > (5) The ability of the other person to resist or consent or the ability of one of the other persons to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the ability to resist or consent of the other person or of one of the other persons is substantially impaired because of a mental or physical condition or because of advanced age.
>
> (B) No person shall knowingly touch the genitalia of another, when the touching is not through clothing, the other person is less than twelve years of age, whether or not the offender knows the age of that person, and the touching is done with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

Violation of the Gross Sexual Imposition statute may constitute a felony of either the third or the fourth degree.  *Id.* at § 2907.05(C)(1).  Although the state-court judgment of conviction does not

specify the subsection on which Mateen's guilty plea rested, it does indicate that Mateen pleaded guilty to a fourth-degree felony.  R. 30-1 (Com. Pleas J. Entry at 1) (Page ID #77).   The prosecutor stated at the state-court plea hearing that Mateen's victim was an eight-year-old girl. R. 33-1 (Com. Pleas Plea Colloquy Tr. at 2–4) (Page ID #89–91).

In the federal plea agreement, the government indicated that it would seek to apply a statutory sentencing enhancement on the basis of Mateen's state Gross Sexual Imposition conviction.  R. 12 (Plea Agreement ¶ 2) (Page ID #18–19).  For first-time offenders, violation of 18 U.S.C. § 2252(a)(4) carries a maximum term of imprisonment of ten years.   18 U.S.C. § 2252(b)(2).  For recidivist offenders, however, a sentencing enhancement applies.  In relevant part, the statute provides that an individual with a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward . . . shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years."  *Id.*  Mateen reserved the right to contest whether his state Gross Sexual Imposition conviction qualified him for the enhancement.  R. 12 (Plea Agreement ¶ 2) (Page ID #19).

The district court concluded that the sentencing enhancement did not apply to Mateen because his prior conviction for Gross Sexual Imposition did not necessarily "involv[e] a minor or ward."  18 U.S.C. § 2252(b)(2).  In construing the sentencing-enhancement provision, the district court determined that the phrase "involving a minor or ward" modifies all three categories of listed conduct:  aggravated sexual abuse, sexual abuse, and abusive sexual conduct. R. 36 (D. Ct. Op. at 6) (Page ID #117).  The district court then applied the modified-categorical approach articulated in *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005), and determined that Mateen's prior conviction for fourth-degree felony Gross Sexual Imposition did not necessarily involve a minor or ward.  *Id.* at 6–7 (Page ID #117–18).   Therefore, the district court held, "[w]ith some reluctance," that the sentencing enhancement did not apply to Mateen's conduct.  R. 39 (Sentencing Hr'g Tr. at 21) (Page ID #154); R. 36 (D. Ct. Op. at 10) (Page ID #121).  The district court sentenced Mateen to ten years of imprisonment, which it believed to be the maximum possible term under the statute.  R. 39 (Sentencing Hr'g Tr. at 26–29) (Page ID #159–62).

On appeal, the government argues that the district court misconstrued the sentencing-enhancement provision.

## II.  STATUTORY CONSTRUCTION

We review de novo the district court's legal conclusions, including its "determinations regarding statutory construction," *United States v. Felts*, 674 F.3d 599, 602 (6th Cir. 2012), and its "conclusion that a prior conviction triggers a mandatory minimum sentence," *United States v. Gardner*, 649 F.3d 437, 442 (6th Cir. 2011).   The government contends that the phrase "involving a minor or ward" modifies only "abusive sexual conduct," and that a prior conviction for a state offense that relates to aggravated sexual abuse or sexual abuse triggers the sentencing enhancement even if the crime did not involve a minor victim.  As always, we begin our exercise in statutory interpretation "by examining the language of the statute itself to determine if its meaning is plain.  Plain meaning is examined by looking at the language and design of the statute as a whole."  *United States v. Parrett*, 530 F.3d 422, 429 (6th Cir. 2008) (internal quotation marks and citations omitted).

The grammatical structure of the statutory language favors the interpretation advanced by the government.  According to "the grammatical 'rule of the last antecedent,' . . . a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows."  *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003).  The statute provides that, if a person who violates 18 U.S.C. § 2252(a)(4) "has a prior conviction under [certain enumerated federal statutes] or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward . . . such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years."  18 U.S.C. § 2252(b)(2).  According to the last-antecedent rule, we should interpret the limiting phrase "involving a minor or ward" as modifying only the last of the three listed conduct categories, unless there are "other indicia of meaning" to overcome the grammatical presumption.  *Barnhart*, 540 U.S. at 26.

The district court concluded that the titles of the federal statutory section (18 U.S.C. § 2252) under which Mateen pleaded guilty and the chapter (chapter 110) in which it is indexed—"Certain activities relating to material involving the sexual exploitation of minors" and "Sexual Exploitation and Other Abuse of Children," respectively—were "significant indicia"

that the phrase "involving a minor or ward" modifies all three conduct categories. R. 36 (D. Ct. Op. at 6) (Page ID #117). We are not persuaded. The section and chapter titles indicate the nature of the conduct proscribed by the statute, but it does not follow that they provide convincing evidence that all factors contributing to the sentencing-enhancement decision will relate to the same subject matter.

Moreover, were we to override the rule of the last antecedent in the instant case, we would run the danger of rendering some of the statutory language superfluous. "'[A]busive sexual conduct involving a minor' seemingly would encompass anything that constitutes 'sexual abuse involving a minor,' as well as, for example, other sexual conduct that may be criminalized only when the victim is a child." *United States v. Lockhart*, 749 F.3d 148, 153 (2d Cir. 2014). Thus, application of the phrase "involving a minor or ward" to each of the three conduct categories renders the categories redundant. Such a reading violates the principle that we assume "each term [in a statute has] a particular, nonsuperfluous meaning." *Bailey v. United States*, 516 U.S. 137, 146 (1995). Therefore, the canon against surplusage also counsels that we construe the phrase "involving a minor or ward" as applying only to the conduct category that immediately precedes it, "abusive sexual conduct."

Two aspects of the statutory structure lend further support to the grammar-based interpretation of the language at issue. First, § 2252(b) identifies federal offenses "under this chapter [110], chapter 71, chapter 109A, or chapter 117, or under section 920 of Title 10" as qualifying predicates for the sentencing enhancement. 18 U.S.C. § 2252(b)(2). Many of these chapters contain sections prohibiting sexual conduct that does not involve minor victims. *See, e.g.,* 18 U.S.C. §§ 2241, 2242 (chapter 109A); 18 U.S.C. §§ 2421, 2422 (chapter 117). We can think of no logical reason that Congress would have identified federal offenses not involving minor victims as qualifying predicates while excluding state offenses that criminalize identical conduct. *See Lockhart*, 749 F.3d at 154; *United States v. Spence*, 661 F.3d 194, 197 (4th Cir. 2011); *United States v. Hubbard*, 480 F.3d 341, 350 (5th Cir. 2007); *United States v. Rezin*, 322 F.3d 443, 448 (7th Cir. 2003). To the contrary, we may reasonably assume "that Congress would intend for courts to treat prior sexual abuse convictions similarly, regardless of whether the conviction was under federal or state law." *Lockhart*, 749 F.3d at 156.

Second, the three categories of state predicate offenses parallel three federal crimes identified in the statute as predicate offenses. Chapter 109A, one of the chapters that contain qualifying federal offenses, *see* 18 U.S.C. § 2252(b)(2), contains three sections labeled aggravated sexual abuse (*id.* at § 2241), sexual abuse (*id.* at § 2242), and sexual abuse of a minor or ward (*id.* at § 2243). The parallel between these three federal offenses and the three listed categories of state offenses—aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor or ward—is inescapable.[1] Upon careful review of the statutory language and structure, we agree with the government that the sentencing-enhancement provision requires a predicate state offense to involve a minor or ward only if that offense relates to abusive sexual conduct.[2]

Our construction of the statutory language aligns with that of each of our sister circuits which have carefully considered the issue. *See Lockhart*, 749 F.3d at 151–56; *Spence*, 661 F.3d at 197; *Hubbard*, 480 F.3d at 350; *Rezin*, 322 F.3d at 447–48; *cf. United States v. Hunter*, 505 F.3d 829, 831 (8th Cir. 2007) (assuming without discussion that a prior state conviction requires a minor victim to trigger the sentencing enhancement); *United States v. McCutchen*, 419 F.3d 1122, 1125 (10th Cir. 2005) (same). Accordingly, we now hold that a prior state conviction triggers the sentencing enhancement under 18 U.S.C. § 2252(b)(2) if the offender was previously convicted of a state crime relating to (1) aggravated sexual abuse, (2) sexual abuse, or (3) abusive sexual conduct involving a minor or ward.

After the district court misinterpreted the statute as triggering enhancement only if the prior state conviction involved a minor victim, it concluded that the sentencing enhancement did

---

[1]Although we note the parallel structure between the three categories of state predicate offenses and the parallel federal crimes in §§ 2241−43, this should not be construed as implying that the state predicate offenses are to be defined with reference to these sections. The parallel structure is here significant only in that it informs our analysis of what "involving a minor" modifies. We do not decide whether the state predicate offenses should be defined according to their generic, contemporary meaning or with reference to the Chapter 109(A) offenses or by some other means. *Compare United States v. Osborne*, 551 F.3d 718, 720 (7th Cir. 2009) (defining the state predicate offenses with reference to the Chapter 109(A) offenses), with *United States v. Sinerius*, 504 F.3d 738, 740 (9th Cir. 2007) (defining the state predicate offenses using the "ordinary, contemporary, and common meaning of the statutory words").

[2]Mateen's argument that the rule of lenity requires us to interpret the statute in his favor is unpersuasive because we "apply the rule of lenity to resolve ambiguities in favor of a defendant [only] when a criminal statutory term is ambiguous and cannot be clarified by the statute's history or structure." *United States v. Booth*, 551 F.3d 535, 541 (6th Cir. 2009) (emphasis omitted). The language and structure of § 2252(b)(2) dictate a clear result, and thus the rule of lenity has no purchase in the present case.

not apply. The district court sentenced Mateen to a ten-year term of imprisonment, believing that to be the statutory maximum. R. 39 (Sentencing Hr'g Tr. at 21, 29) (Page ID #154, 162). Under the correct construction of the statute, however, Mateen's prior conviction could trigger the sentencing enhancement even if his victim in the prior state conviction was not a minor or ward. No court has yet considered whether Mateen's fourth-degree felony Gross Sexual Imposition conviction "relat[es] to aggravated sexual abuse [or] sexual abuse" involving either an adult or a minor victim. 18 U.S.C. § 2252(b)(2). Accordingly, it is appropriate to remand this case to the district court with instructions to determine whether Mateen's prior conviction relates to "aggravated sexual abuse," "sexual abuse," or "abusive sexual conduct involving a minor or ward."

### III. CONCLUSION

We **VACATE** the judgment of sentence and **REMAND** to the district court for resentencing with instructions to reconsider in the first instance whether Mateen's conviction for Gross Sexual Imposition triggers application of the statutory sentencing enhancement, consistent with this opinion.

_____

**CONCURRENCE IN THE JUDGMENT**

_____

CLAY, Circuit Judge, concurring in the judgment.  I concur in the judgment but write separately to express my concern with this Court's analysis of the underlying issue in this case.  The conclusion reached in the majority opinion—that "involving a minor or ward" modifies only the last of the three forms of conduct listed in 18 U.S.C. § 2252(b)(2)—is not foretold by logic or supported by any empirical basis.  Instead, the arguments asserted as support for the majority's interpretation of the statutory language are speculative and conclusory, based in large part on our sister circuits' analysis of the issue and the majority's own unsupported conjecture as to Congress' intent.  Resolution of the underlying issue in this case is therefore not as clear or persuasive as the majority would have us believe.

To begin, the majority opinion places great weight in the last antecedent rule as a method for resolving this dispute.  However, the majority fails to grapple with a contrary rule of statutory construction, one which was considered by the Second Circuit in *United States v. Lockhart*, 749 F.3d 148 (2d Cir. 2014).  In *Lockhart*, the Court acknowledged the possible application of two competing rules of statutory construction—the last antecedent rule and the series qualifier canon[1].  749 F.3d at 152.  Ultimately, the *Lockhart* Court was "not fully persuaded that either canon applie[d] unambiguously based on the language and structure of th[e] statutory phrase alone."  *Id*.  While I do not express a definitive point of view as to which of the two canons is more persuasive, I believe the majority should have followed the lead of the Second Circuit by considering both canons, and should have conceded that an interpretation under either would be virtually equally plausible.  Instead, the majority opinion is written to imply that the rule of the last antecedent is the only rule of statutory construction that might apply in these circumstances.

Next, this Court dismisses the district court's primary conclusion in two sentences.  In its opinion, the district court ignored the rule of the last antecedent, finding that the title of

---

[1]The "series-qualifier" canon of statutory construction "provides that a modifier at the beginning or end of a series of terms modifies all the terms [in that series]."  *United States v. Laraneta*, 700 F.3d 983, 989 (7th Cir. 2012).

18 U.S.C. § 2252 ("Certain activities relating to material involving the sexual exploitation of minors") and the title of Chapter 110, under which the statute is found ("Sexual Exploitation and Other Abuse of Children"), provide "significant indicia" that the phrase "involving a minor or ward" modifies all three forms of conduct. (R. 36, D. Ct. Op. at 6.) Each of these titles concerns activity involving children and seems to imply that the activity following those titles would also involve children. However, without any reasoned analysis of this argument, the majority simply states that "[t]he section and chapter titles indicate the nature of the conduct proscribed by the statute, but it does not follow that they provide convincing evidence that all factors contributing to the sentencing-enhancement decision will relate to the same subject matter." Maj. Op. at 6. Why not? I do not know whether the chapter titles provide significant indicia regarding the proper interpretation of the statutory language, but it also appears that the majority of this Court cannot definitively answer that question. And because this Court reverses the district court on this ground, among others, one would expect an explanation for rejecting the district court's analysis, not just a blanket, conclusory statement.

Reflecting the opinions of a number of our sister circuits, the majority goes on to find that "were we to override the rule of the last antecedent in the instant case, we would run the danger of rendering some of the statutory language superfluous." Maj. Op. at 6. Quoting the Second Circuit's analysis in *Lockhart*, the majority explains that if "involving a minor or ward" were to modify each of the categories of conduct listed in § 2252(b)(2), "abusive sexual conduct involving a minor or ward" would likely encompass "sexual abuse involving a minor or ward," rendering the latter category superfluous. However, it is not clear from the statutory language or the opinion of this Court which conduct Congress intended to fit within each of these categories. This very issue was extensively debated during oral argument before the *en banc* Court. In fact, it is difficult to say that any particular category would be rendered superfluous if "involving a minor or ward" were to modify all three categories of conduct. This would be the case regardless of whether similar or parallel phrases were used or repeated for emphasis, or for the purpose of showing inclusiveness, or simply as a result of awkwardness in statutory construction.

Next, the majority finds that Congress must have intended the qualifying conduct under state law to include acts against adults and children because the federal predicate offenses listed

in § 2252(b)(2) include conduct against both adults and children.  The majority states that "we may reasonably assume" Congress intended the federal and state predicate offenses to mirror each other.  Maj. Op. at 6.  However, the opinion fails to consider some of the legislative history of this provision, which, even if not definitive, provides some indication of Congress' intent in this matter.  Congress' overarching concern in enacting and amending the Child Pornography Prevention Act was to protect child victims from the "vicious cycle of child sexual abuse and exploitation," in which "[c]hild pornography plays a critical role."  S. Rep. No. 104–358, 104th Cong., 1996 WL 506545, at *12 (1996).  Most importantly, the legislative history demonstrates Congress' intent regarding the enhancement set forth in § 2252:

> Section 2252A mirrors with respect to "child pornography" . . . the prohibitions . . . contained in 18 U.S.C. 2252.  The penalties in sections 2252 and 2252A would be identical.  Violation of paragraphs (1), (2), or (3) of section 2252A(a) pertaining to the distribution, reproduction, receipt, sale or transportation of child pornography would be fined or imprisoned for not less than 15 years, or both; a repeat offender with a prior conviction under chapter 109A or 110 of title 18, or *under any State child abuse law* or law relating to the production, receipt or distribution of child pornography would be fined and imprisoned for not less than 5 years nor more than 30 years.

*Id*. at *9 (emphasis added).[2]  Even if Congress' intent regarding application of this enhancement is less than clear, this language from the legislative history is relevant for determining that intent.  The Senate report clearly indicates that the enhancement applies to repeat offenders whose prior convictions fall "under any State child abuse law" and does not mention state law crimes against adults.  It would seem that the majority should have considered this language before speculating as to Congress' intent.

The majority opinion also emphasizes a parallel between three of the federal crimes identified as predicate offenses under Chapter 109A ("aggravated sexual abuse" at § 2241, "sexual abuse" at § 2242, and "sexual abuse of a minor or ward" at § 2243) and the three categories of conduct that qualify as state predicate offenses ("aggravated sexual abuse, sexual

---

[2]Although this section of the report specifically deals with 18 U.S.C. § 2252A, it also indicates that the penalties in §§ 2252 and 2252A would be identical.  *See id*.; *Lockhart*, 749 F.3d at 156 (internal quotation marks omitted) ("[T]he penalties under §§ 2252 and 2252A would provide for a mandatory minimum sentence for a repeat offender with a prior conviction under chapter 109A or 110 of title 18, or under any State child abuse law or law relating to the production, receipt or distribution of child pornography.").

abuse, or abusive sexual conduct involving a minor or ward"). The majority asserts that this parallel provides definitive support for its conclusion that "involving a minor or ward" modifies only "abusive sexual conduct," the last category of conduct.

This argument is troubling in two respects. The majority has clearly chosen only those arguments that help reach its conclusion and ignored others that are contrary to, or complicate, that conclusion. In a footnote, the majority cautions the reader that

> [a]lthough we note the parallel structure between the three categories of state predicate offenses and the parallel federal crimes in §§ 2241–43, this should not be construed as implying that the state predicate offenses are to be defined with reference to these sections. The parallel structure is here significant only in that it informs our analysis of what "involving a minor" modifies.

Maj. Op. at 7 n.1. There is no reason provided to explain why this parallel structure only provides assistance with our analysis of this particular issue, yet does not provide definitions for the state predicate offenses.

Additionally, the language and structure of Chapter 109A do not parallel § 2252(b)(2) as closely as the majority would have us believe. The majority ignores the fact that Chapter 109A includes four sexual abuse crimes, while § 2252(b)(2) only lists three categories of conduct qualifying for the enhancement. Furthermore, the sexual abuse crimes listed in Chapter 109A are phrased differently from the three categories of conduct included in § 2252(b)(2). As a result, this purported parallel would appear to carry very little weight for purposes of resolving the underlying issue in this case.

Finally, the majority seems to take great solace in the fact that "[o]ur construction of the statutory language aligns with that of each of our sister circuits which have carefully considered the issue." Maj. Op. at 7. However, while this Court may be guided by the opinions of other circuits, we review our cases independent of their holdings and analyses. We should not rely on other courts' opinions when they are similarly speculative and supported by much of the same weak analysis as provided by this Court's majority opinion.

For the foregoing reasons, I concur only in the judgment.