NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0383n.06
Case Nos. 18-5127/5128

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| **18-5127** | ) | **FILED**<br>Jul 29, 2019<br>DEBORAH S. HUNT, Clerk |
| UNITED STATES OF AMERICA, | ) | |
|    Plaintiff-Appellant, | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| KENNETH HAMILTON, | ) | THE MIDDLE DISTRICT OF |
|    Defendant-Appellee. | ) | TENNESSEE |
| | ) | |
| **18-5128** | ) | |
| KENNETH HAMILTON, | ) | |
|    Petitioner-Appellee, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|    Respondent-Appellant. | ) | |

BEFORE: MOORE, COOK, and THAPAR, Circuit Judges.

PER CURIAM. Kenneth Hamilton pled guilty to possessing a firearm as a convicted felon. *See* 18 U.S.C. § 922(g). Because he already had five prior convictions for Tennessee aggravated burglary, the district court enhanced Hamilton's sentence to the fifteen-year minimum under the Armed Career Criminal Act (ACCA). *See id.* § 924(e)(1). Several years later, Hamilton challenged his sentence through a motion for post-conviction relief. *See* 28 U.S.C. § 2255. While his § 2255 motion was pending, the en banc Sixth Circuit determined that Tennessee aggravated burglary was not an ACCA predicate. *United States v. Stitt*, 860 F.3d 854, 856 (6th Cir. 2017) (en

banc).  Relying on *Stitt*, the district court reviewing Hamilton's § 2255 motion determined that he no longer qualified for an ACCA enhancement and reduced his sentence to ten years.  But Hamilton's victory was short-lived because the government filed a protective appeal, and a few months later the Supreme Court reversed *Stitt*.  *United States v. Stitt*, 139 S. Ct. 399, 406–08 (2018).

The Supreme Court's reversal means that our circuit returns to its pre-*Stitt* precedent. *Brumbach v. United States*, Nos. 18-5703/5705, 2019 WL 3024727, at *3, __F.3d__ (6th Cir. July 11, 2019).  And under that precedent, Tennessee aggravated burglary is an ACCA predicate.  *Id.* (citing *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007)).  Thus, although the district court was right to reduce Hamilton's sentence, the law has changed during this appeal and made Hamilton's original sentence proper again.  Therefore, we VACATE and REMAND with instructions to reinstate the original sentence.

**KAREN NELSON MOORE, Circuit Judge, concurring in the judgment.** Today, the majority concludes that under *Brumbach v. United States*, Nos. 18-5703/5705, 2019 WL 3024727, at *3, __F.3d__ (6th Cir. July 11, 2019), we are once again bound by the more-than-decade-old decision in *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007). Although I recognize that we must follow *Brumbach*'s holding regarding *Nance* and Tennessee aggravated burglary, I do not believe that *Nance* should control our resolution of Hamilton's appeal.

I start with the applicable law. Hamilton was sentenced to 180 months of imprisonment pursuant to the Armed Career Criminal Act ("ACCA"), which "imposes a fifteen-year mandatory-minimum prison sentence on persons who violate 18 U.S.C. § 922(g) . . . and who have three previous state or federal convictions for 'violent felon[ies] or serious drug offense[s].'" *United States v. Burris*, 912 F.3d 386, 391–92 (6th Cir. 2019) (en banc) (quoting 18 U.S.C. § 924(e)(1)), *petition for cert. docketed* May 24, 2019. As applicable to Hamilton's appeal, the ACCA defines "violent felony" to include a felony which "is burglary, arson, or extortion, [or] involves use of explosives." 18 U.S.C. § 924(e)(2)(B). However, not every "burglary" conviction qualifies as an ACCA predicate offense; rather, only "generic burglary," or "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime," qualifies. *Taylor v. United States*, 495 U.S. 575, 598 (1990). Thus, in order for Hamilton's five convictions for Tennessee aggravated burglary to constitute predicate offenses under the ACCA, the elements of Tennessee's aggravated burglary statute must be "the same as, or narrower than, those of the generic offense." *Descamps v. United States*, 570 U.S. 254, 257 (2013).

"Tennessee defines aggravated burglary as the 'burglary of a habitation,' Tenn. Code Ann. § 39-14-403, and defines 'habitation' as 'any structure . . . which is designed or adapted for the overnight accommodation of persons,' *id.* § 39-14-401(1)(A)." *United States v. Stitt*, 860 F.3d

854, 857 (6th Cir. 2017) (en banc), *reversed by United States v. Stitt*, 139 S. Ct. 399 (2018) ("*Stitt II*"). In examining certain sections of this statute, we have previously concluded that Tennessee aggravated burglary corresponds to the generic definition of "burglary" under *Taylor*. *See, e.g.*, *Nance*, 481 F.3d at 888 (reciting Tennessee's aggravated burglary statute and concluding that "aggravated burglary in Tennessee clearly comports with *Shepard*'s definition of a generic burglary as 'committed in a building or enclosed space'"); *United States v. Priddy*, 808 F.3d 676, 684 (6th Cir. 2015) (following *Nance* without discussion of particular statutory language); *see also United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017) (rejecting the defendant's argument that Tennessee burglary is broader "because it allows a defendant to be convicted of burglary if he enters a building and then forms the requisite intent to commit a crime while inside").

In his appeal, however, Hamilton points to a separate and distinct segment of Tennessee's aggravated burglary statute (the use of the word "entry") to argue that Tennessee aggravated burglary is broader than generic burglary. *See* Appellee Br. at 20–21 (asserting that because Tennessee aggravated burglary criminalizes entries by instruments, rather than people only, the statute covers attempted burglary and, therefore, is broader than generic burglary). *Nance*, *Priddy*, and *Ferguson* did not address this section of the statute and, instead, focused on different language in the Tennessee code; thus, their conclusory holdings are not "directly on point" and do not resolve Hamilton's appeal. *Brumbach*, 2019 WL 3024727, at *3. Moreover, to the extent the panels in *Nance*, *Priddy*, and *Ferguson* assumed that the scope of Tennessee's "entry" definition was consistent with "generic burglary," we should not be bound by such silent and unexamined assumptions. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 n.4 (1989) ("[T]his Court has never considered itself bound [by prior *sub silentio* holdings] when a subsequent case finally brings the jurisdictional issue before us." (quotation marks omitted) (second alteration in

original)); *accord Staley v. Jones*, 239 F.3d 769, 776 (6th Cir. 2001). Rather, "[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Rinard v. Luoma*, 440 F.3d 361, 363 (6th Cir. 2006) (quotation marks omitted) (alteration in original). Indeed, in an unpublished opinion issued before this court decided *Brumbach*, we strongly implied that neither *Nance* nor *Stitt II* foreclosed a § 2255 petitioner from raising a novel argument relating to his Tennessee aggravated burglary convictions. *See Lee v. United States*, No. 17-6513/6514, 2019 WL 2513795, at *1 (6th Cir. June 18, 2019) (unpublished) (remanding for the district court to consider whether "generic burglary requires entry by an instrument used to commit the intended felony inside").[1]

I believe our en banc decision in *United States v. Mateen*, 764 F.3d 627 (6th Cir. 2014) (en banc), is instructive on this point. *Mateen* involved the interpretation of a sentencing enhancement which applied when an individual had previously been convicted of a crime "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." *Id.* at 628 (quoting 18 U.S.C. § 2252(b)(2)). The question before the en banc court was whether the language "involving a minor or ward" modified only "abusive sexual conduct" or, instead, modified all three types of sexual abuse described in the enhancement. *Id.* at 628–29. In a previous case, *United*

---

[1]True, we have previously explained that "we are bound by the published opinions of previous panels" despite any "analytical flaws" we may identify in those opinions. *Grundy Mining Co. v. Flynn*, 353 F.3d 467, 479 (6th Cir. 2003). However, the parties in *Grundy* were attempting to attack the reasoning of an issue that a previous panel had directly decided and considered. *Id.* at 478–79. In contrast, Hamilton's appeal rests on a particular issue (the meaning of the word "entry") that was neither considered nor decided by *Nance*, *Priddy*, or *Ferguson*. This is not a case in which Hamilton contends that, in interpreting the "entry" requirement of Tennessee Code Annotated § 39-14-403, the *Nance* court's "analytical flaws" led it to the wrong conclusion. Rather, Hamilton asserts—correctly—that *Nance*, *Priddy*, and *Ferguson* never even reached the "entry" issue.

*States v. Gardner*, 649 F.3d 437 (6th Cir. 2011), we appeared to endorse the latter interpretation of § 2252(b)(2) when we stated that the defendant's prior conviction triggered the enhancement because it involved the "sexual abuse" of a "minor or ward," *id.* at 442–43. Indeed, the original *Mateen* panel believed that it was bound by *Gardner*'s interpretation of § 2252(b)(2) and, accordingly, affirmed Mateen's sentence. *United States v. Mateen*, 739 F.3d 300, 306 (6th Cir. 2014). The en banc court, however, implicitly concluded otherwise when, without addressing *Gardner* or overruling the decision, the en banc court determined that "involving a minor or ward" modified only "abusive sexual conduct." *Mateen*, 764 F.3d at 629. Had the en banc court thought *Gardner*'s unexamined discussion of § 2252(b)(2) to be controlling, the en banc court would have had to overrule *Gardner*. Instead, to reach the decision it did, the en banc court necessarily accepted Judge McKeague's dissent at the panel level, where Judge McKeague noted that because "[t]he unaddressed issues in the present case were not actually decided or implicitly held[,] . . . *Gardner*'s unconsidered application of that understanding is not binding precedent on this point." *Mateen*, 739 F.3d at 309 (McKeague, J., dissenting). I believe the same reasoning applies to Hamilton's appeal.

In conclusion, we have never held that—or even considered whether—Tennessee's definition of the word "entry" corresponds to generic burglary, despite the fact that, according to Hamilton, Tennessee's statute encapsulates both attempts and completed entries. Our precedent therefore does not foreclose Hamilton's appeal and, in the absence of the panel's decision in *Brumbach*, I would reach the merits of Hamilton's argument. Consequently, I concur in the judgment only.