**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0386n.06

Case No. 18-5008

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Jul 30, 2019

DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| LONNIE WAYNE BAWGUS, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: MOORE, COOK, and THAPAR, Circuit Judges.

COOK, Circuit Judge. Following our decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc), the district court granted Lonnie Wayne Bawgus 28 U.S.C. § 2255 relief, vacated his enhanced sentence, and resentenced him to a shorter prison term. But because the Supreme Court ultimately reversed the *Stitt* decision, annulling the foundation for Bawgus's relief, we VACATE his amended sentence and REMAND with instructions to reinstate the original, enhanced sentence.

In 2008, a jury convicted Bawgus of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g). Because of his fourteen prior convictions for Tennessee aggravated burglary, and one prior conviction for aggravated assault, the district court designated Bawgus a career offender pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Bawgus thus received an enhanced sentence of 210 months' imprisonment and five years' supervised release.

He appealed, and we affirmed. *United States v. Bawgus*, No. 11-5649 (6th Cir. July 16, 2012) (order).

Less than a year later, Bawgus filed a § 2255 motion. During the pendency of that motion, the Supreme Court invalidated the ACCA's residual clause in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and Bawgus amended his filing to include a *Johnson* challenge to his career offender status. After we granted en banc rehearing to consider whether Tennessee aggravated burglary constituted a "violent felony," the government moved for—and the district court granted—a stay in Bawgus's § 2255 proceedings.

Finding Tennessee's aggravated burglary statute indivisible and broader than generic burglary, our en banc decision held that the offense could not serve as a violent felony under the ACCA. *Stitt*, 860 F.3d at 856–57, 862 (overruling *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007)). Without Bawgus's aggravated burglary convictions, he had fewer than the three violent felony predicates needed to sustain an ACCA enhancement. *See* 18 U.S.C. 924(e)(1). Thus, citing *Johnson* and *Stitt*, the district court granted Bawgus § 2255 relief, vacated the ACCA-enhanced sentence, and resentenced him to 105 months' imprisonment and three years' supervised release.

We held the appeal in abeyance while the Supreme Court reviewed our en banc *Stitt* decision. At the end of last year, the Court reversed. *United States v. Stitt*, 139 S. Ct. 399, 406–08 (2018). As a result, the government now asks us to vacate Bawgus's amended sentence and instruct the district court to reinstate his original ACCA-enhanced sentence.

We review de novo the district court's legal conclusions, including whether a prior conviction constitutes a violent felony under the ACCA. *Braden v. United States*, 817 F.3d 926, 929–30 (6th Cir. 2016). The district court granted Bawgus § 2255 relief because, at the time of its

decision, "the *Johnson* and [en banc] *Stitt* decisions dictate[d] that [Bawgus] no longer [could] be designated an armed career criminal under § 924(e)." R. 188, PageID 1049. But the Supreme Court reversed our *Stitt* decision, and Bawgus's fourteen convictions for Tennessee aggravated burglary once again qualify as violent felonies under the ACCA's enumerated offense clause, so the district court's grant of relief cannot stand. *See Brumbach v. United States*, Nos. 18-5703/5705, 2019 WL 3024727, at *3, --- F.3d ---- (6th Cir. July 11, 2019).

Acknowledging that the Supreme Court's reversal undercuts the district court's grant of relief, Bawgus seeks remand for consideration of arguments stemming from *Mathis v. United States*, 136 S. Ct. 2243 (2016), that he purportedly raised in his § 2255 petition. But the record reflects that he never raised such claims. And, in any event, allowing the district court to entertain Bawgus's new *Mathis*-styled arguments would be futile, as *Nance*'s holding affirming Tennessee aggravated burglary's ACCA-predicate status once again binds its hands (and ours) until either the en banc court or the Supreme Court says otherwise. *See Brumbach*, 2019 WL 3024727, at *3 (citing *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)).

Bawgus alternatively argues that the government's failure to respond to a district court order to brief the impact of *Mathis* bars it from challenging his § 2255 relief. But whether the government appropriately responded to that order does not discharge Bawgus's burden to prove entitlement to habeas relief. *See Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970) ("The failure of State officials to file a timely return does not relieve the prisoner of his burden of proof."); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (affirming that the burden of proof in § 2255 proceedings lies with the petitioner).

We therefore VACATE Bawgus's amended sentence and REMAND with instructions to reinstate his ACCA-enhanced sentence of 210 months' imprisonment with five years' supervised release.

**KAREN NELSON MOORE, Circuit Judge, concurring in the judgment.** Petitioner Lonnie Bawgus's appeal once again raises the issues of what constitutes "generic burglary" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e). Having lost his primary basis for relief under 28 U.S.C. § 2255, Bawgus requests that this court remand his case so that the district court may consider his additional claims under *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* Appellee Br. at 9. Because Bawgus has not, in fact, raised any additional claims for the district court to review,[1] and because his appeal is otherwise foreclosed by our decision in *Brumbach v. United States*, Nos. 18-5703/5705, 2019 WL 3024727, at *3, __F.3d__ (6th Cir. July 11, 2019), I agree with the majority that Bawgus's amended sentence must be vacated. I write separately to explain, however, that were it not for our decision in *Brumbach* or Bawgus's failure to address additional bases for § 2255 relief, I would

---

[1]The only claim Bawgus fairly raised pursuant to *Mathis* and *Johnson* before the district court related to the definition of "habitation" under Tennessee's aggravated burglary statute, Tenn. Code Ann. § 39-14-403. True, Bawgus asserted generally that, under *Johnson*, 135 S. Ct. at 2563, his convictions for Tennessee aggravated burglary were based on the now-void residual clause of 18 U.S.C. § 924(e) and were, therefore, invalid predicate offenses. *See* R. 169 (Mot. Judicial Notice at 1–5) (Page ID #966–970); R. 173 (Suppl. Br. at 1) (Page ID #982). However, as the district court correctly noted, this argument could succeed only if Bawgus's sentence was also incorrectly enhanced pursuant to the enumerated-offenses clause of the ACCA. *See* R. 188 (Order Granting § 2255 Mot. at 7) (Page ID #1049). To support the latter argument, Bawgus pointed to the Supreme Court's decision in *Mathis* and, specifically, the definition of "building" and "structure" discussed in *Mathis*. *See* R. 178 (Suppl. Pro Se Br. at 2) (Page ID #993) ("During the pendency of my motion the United States Supreme Court decided *Mathis* . . . 'Structure' or 'Building' structure element of burglary statute was broader than the parallel element of generic burglary the court concluded that the petitioner prior convictions were incapable of supporting enhancement . . . ."). Any argument that the Tennessee aggravated burglary statute is broader than generic burglary based on the scope of the buildings or structures it covers is clearly foreclosed by the Supreme Court's decision in *United States v. Stitt*, 139 S. Ct. 399, 403–04 (2018) (concluding that "the statutory term 'burglary' includes burglary of a structure or vehicle that has been adapted or is customarily used for overnight accommodation"). Because Bawgus did not raise any additional arguments pursuant to *Mathis* or *Johnson* for the district court to consider, I agree with the majority that remand is inappropriate in this case.

permit Bawgus to return to the district court to raise additional arguments under *Mathis* and *Johnson*.

I start with the applicable law. Bawgus was sentenced to 210 months of imprisonment under the Armed Career Criminal Act ("ACCA") based on fourteen prior convictions for Tennessee aggravated burglary. The ACCA "imposes a fifteen-year mandatory-minimum prison sentence on persons who violate 18 U.S.C. § 922(g) . . . and who have three previous state or federal convictions for 'violent felon[ies] or serious drug offense[s].'" *United States v. Burris*, 912 F.3d 386, 391–92 (6th Cir. 2019) (en banc) (quoting 18 U.S.C. § 924(e)(1)), *petition for cert. docketed* May 24, 2019. As applicable to Bawgus's appeal, the ACCA defines "violent felony" to include a felony which "is burglary, arson, or extortion, [or] involves use of explosives." 18 U.S.C. § 924(e)(2)(B). However, not every "burglary" conviction qualifies as an ACCA predicate offense; rather, only "generic burglary," or "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime," qualifies. *Taylor v. United States*, 495 U.S. 575, 598 (1990). Thus, in order for Bawgus's fourteen convictions for Tennessee aggravated burglary to constitute predicate offenses under the ACCA, the elements of Tennessee's aggravated burglary statute must be "the same as, or narrower than, those of the generic offense." *Descamps v. United States*, 570 U.S. 254, 257 (2013).

"Tennessee defines aggravated burglary as the 'burglary of a habitation,' Tenn. Code Ann. § 39-14-403, and defines 'habitation' as 'any structure . . . which is designed or adapted for the overnight accommodation of persons,' *id.* § 39-14-401(1)(A)." *United States v. Stitt*, 860 F.3d 854, 857 (6th Cir. 2017) (en banc), *reversed by United States v. Stitt*, 139 S. Ct. 399 (2018) ("*Stitt II*"). In examining certain sections of this statute, we have previously concluded that Tennessee aggravated burglary corresponds to the generic definition of "burglary" under *Taylor*. *See, e.g.*,

*Nance*, 481 F.3d at 888 (reciting Tennessee's aggravated burglary statute and concluding that "aggravated burglary in Tennessee clearly comports with *Shepard*'s definition of a generic burglary as 'committed in a building or enclosed space'"); *United States v. Priddy*, 808 F.3d 676, 684 (6th Cir. 2015) (following *Nance* without discussion of particular statutory language); *see also United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017) (rejecting the defendant's argument that Tennessee burglary is broader "because it allows a defendant to be convicted of burglary if he enters a building and then forms the requisite intent to commit a crime while inside").

In his appeal brief, however, Bawgus points to a separate and distinct segment of Tennessee's aggravated burglary statute (the use of the word "entry") to argue that Tennessee aggravated burglary is broader than generic burglary. *See* Appellee Br. at 18–19 (asserting that because Tennessee's statute criminalizes instances where an instrument, as opposed to a body part, enters a building or structure, it is broader than generic burglary).[2] *Nance*, *Priddy*, and *Ferguson* did not address this section of the statute and, instead, focused on different language in the Tennessee code; thus, their conclusory holdings are not "directly on point" and—assuming Bawgus had raised this claim before the district court—would not resolve Bawgus's § 2255 motion. *Brumbach*, 2019 WL 3024727, at *3. Moreover, to the extent the panels in *Nance*, *Priddy*, and *Ferguson* assumed that the scope of Tennessee's "entry" definition was consistent with "generic burglary," we should not be bound by such silent and unexamined assumptions. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 n.4 (1989) ("[T]his Court has never considered

---

[2]Bawgus also contends that Tennessee's "burglary and aggravated burglary statutes expand the definition of generic burglary by including conduct where there is no intent to commit a crime when entering the building or habitation." Appellee Br. at 19. The Supreme Court has recently clarified, however, that "we interpret remaining-in burglary under § 924(e) to occur when the defendant forms the intent to commit a crime at any time while unlawfully present in a building or structure." *See Quarles v. United States*, 139 S. Ct. 1872, 1879 (2019).

itself bound [by prior *sub silentio* holdings] when a subsequent case finally brings the jurisdictional issue before us." (quotation marks omitted) (second alteration in original)); *accord Staley v. Jones*, 239 F.3d 769, 776 (6th Cir. 2001). Rather, "[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Rinard v. Luoma*, 440 F.3d 361, 363 (6th Cir. 2006) (quotation marks omitted) (alteration in original). Indeed, in an unpublished opinion issued before this court decided *Brumbach*, we strongly implied that neither *Nance* nor *Stitt II* foreclosed a § 2255 petitioner from raising a novel argument relating to his Tennessee aggravated burglary convictions. *See Lee v. United States*, No. 17-6513/6514, 2019 WL 2513795, at *1 (6th Cir. June 18, 2019) (unpublished) (remanding for the district court to consider whether "generic burglary requires entry by an instrument used to commit the intended felony inside").[3]

I believe our en banc decision in *United States v. Mateen*, 764 F.3d 627 (6th Cir. 2014) (en banc), is instructive on this point. *Mateen* involved the interpretation of a sentencing enhancement which applied when an individual had previously been convicted of a crime "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." *Id.* at 628 (quoting 18 U.S.C. § 2252(b)(2)). The question before the en banc court was whether the language "involving a minor or ward" modified only "abusive sexual conduct" or, instead, modified all three

---

[3]True, we have previously explained that "we are bound by the published opinions of previous panels" despite any "analytical flaws" we may identify in those opinions. *Grundy Mining Co. v. Flynn*, 353 F.3d 467, 479 (6th Cir. 2003). However, the parties in *Grundy* were attempting to attack the reasoning of an issue that a previous panel had directly decided and considered. *Id.* at 478–79. In contrast, Bawgus's argument rests on a particular issue (the meaning of the word "entry") that was neither considered nor decided by *Nance*, *Priddy*, or *Ferguson*. This is not a case in which Bawgus contends that, in interpreting the "entry" requirement of Tennessee Code Annotated § 39-14-403, the *Nance* court's "analytical flaws" led it to the wrong conclusion. Rather, Bawgus asserts—correctly—that *Nance*, *Priddy*, and *Ferguson* never even reached the "entry" issue.

types of sexual abuse described in the enhancement. *Id.* at 628–29. In a previous case, *United States v. Gardner*, 649 F.3d 437 (6th Cir. 2011), we appeared to endorse the latter interpretation of § 2252(b)(2) when we stated that the defendant's prior conviction triggered the enhancement because it involved the "sexual abuse" of a "minor or ward," *id.* at 442–43. Indeed, the original *Mateen* panel believed that it was bound by *Gardner*'s interpretation of § 2252(b)(2) and, accordingly, affirmed Mateen's sentence. *United States v. Mateen*, 739 F.3d 300, 306 (6th Cir. 2014). The en banc court, however, implicitly concluded otherwise when, without addressing *Gardner* or overruling the decision, the en banc court determined that "involving a minor or ward" modified only "abusive sexual conduct." *Mateen*, 764 F.3d at 629. Had the en banc court thought *Gardner*'s unexamined discussion of § 2252(b)(2) to be controlling, the en banc court would have had to overrule *Gardner*. Instead, to reach the decision it did, the en banc court necessarily accepted Judge McKeague's dissent at the panel level, where Judge McKeague noted that because "[t]he unaddressed issues in the present case were not actually decided or implicitly held[,] . . . *Gardner*'s unconsidered application of that understanding is not binding precedent on this point." *Mateen*, 739 F.3d at 309 (McKeague, J., dissenting). I believe the same reasoning would apply to Bawgus's claim before the district court.

In conclusion, we have never held that—or even considered whether—Tennessee's definition of the word "entry" corresponds to generic burglary, despite the fact that, according to Bawgus, Tennessee's statute criminalizes entry by instruments only. Consequently, had Bawgus raised this argument before the district court, I believe remand would have been appropriate. I therefore concur in judgment only.